ACCEPTED
15-24-00116-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/12/2025 11:17 AM
CHRISTOPHER A. PRINE
CLERK

**No. 15-24-00116-CV**

**IN THE FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

8/12/2025 11:17:51 AM

CHRISTOPHER A. PRINE
Clerk

**ARNULFO CORTEZ, JR., HOMERO R. BALDERAS, BRIAN
D. NIPPER, MARK F. VAN ROSENDAEL, AND BRYAN K.
HUGGHINS**
*Appellants*,

**V.**

**TEXAS COMMISSION ON LAW ENFORCEMENT,
GREGORY STEVENS IN HIS CAPACITY AS THE
EXECUTIVE DIRECTOR OF THE TEXAS COMMISSION
ON LAW ENFORCEMENT, JOHN BEAUCHAMP IN HIS
OFFICIAL CAPACITY AS COUNSEL FOR TEXAS
COMMISSION ON LAW ENFORCEMENT AND T.J.
VINEYARD, IN HIS OFFICIAL CAPACITY AS MAJOR FOR
TEXAS COMMISSION ON LAW ENFORCEMENT**
*Appellees*.

*On Appeal from Cause No. D-1-GN-24-002797 in the 455th Judicial District
Court, Travis County, Texas, Hon. Daniella Deseta Lyttle*

---

**MOTION FOR LEAVE TO SUPPLEMENT APPENDIX**

---

**HYDE KELLEY LLP**
2806 Flintrock Trace, Suite A104
Austin, Texas 78738
Telephone: (512) 686-0700
Facsimile: (866) 929-1641

GEORGE E. HYDE
Texas Bar No. 45006157
ghyde@txlocalgovlaw.com
MATTHEW L. WESTON
Texas Bar No. 24037698
mweston@txlocalgovlaw.com

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

Arnulfo Cortez, Jr., Homero R. Balderas, Brian D. Nipper, Mark F. Van Rosendael, And Bryan K. Hugghins ("Appellants") file this Motion for Leave to Supplement the Appendix of Appellants' Reply Brief and would show the Court as follows:

1.      This Court should grant Appellants leave to supplement the appendix of Appellant's Reply Brief with the February 4, 2025, Proposal for Decision in companion matter *Texas Comm'n on Law Enforcement v. Cortez Jr.*[1] The Proposal was inadvertently omitted from the appellate record, yet it is central to the issues before the Court. It directly supports Appellants' position that a deferred disposition under Article 45.051 of the Texas Code of Criminal Procedure cannot be used as a basis for license cancellation or disqualification, and it confirms that the Commission's actions exceeded its statutory authority.[2]

---

[1] *Texas Comm'n on Law Enforcement v. Cortez, Jr.*, SOAH Docket No. 407-24-18289, TCOLE No. 24-0005 (Tex. State Off. Admin. Hearings Feb. 4, 2025) (herein referred to as "Proposal").
[2] Tex. Code Crim. Pro. Ann. art. 45.051.

## ARGUMENTS AND AUTHORITIES

2.      A court of appeals may permit a party to supplement a brief whenever justice requires under Texas Rule of Appellate Procedure 38.7.[3] Further, an appellate court should not dismiss a case simply for briefing defects.[4]

3.      On August 1, 2025, Appellant's attorney realized that the State Office of Administrative Hearing's Proposal was accidentally omitted from the appellate record. The Proposal is important to the resolution of the appeal because it destroys the very legal foundation upon which the Texas Commission on Law Enforcement (the "Commission") stands in this dispute pending before the Court.

4.      The Administrative Law Judge ("ALJ") after full briefing, argument and authorities presented by all parties, concluded that "'deferred adjudication' does not encompass deferred dispositions ordered pursuant to Texas Code of Criminal Procedure article 45.051."[5] The ALJ also concluded that the Commission may not rely on the order of deferred disposition to cancel a Texas Peace Officer License because "the complaint is dismissed and there is no conviction and …the statute restricts the use of that complaint against the person 'for any purpose'".[6]

---

[3] Tex. R. App. P. 38.7.
[4] *See Inpetco, inc. v. Texas Am. Bank*, 729 S.W. 2d 300, 300 (Tex. 1987); *see, e.g., Lopez-Juarez v. Kelly,* 348 S.W.3d 10, 14–15 (Tex. App.—Texarkana 2011, pet. denied) (appellant was allowed to amend prayer in reply brief to request remand instead of reversal and rendition of judgment).
[5] Proposal at 11.
[6] *Id.* at 12.

5. The ALJ's independent decision squarely aligns consistently and perfectly with the position of the Appellants in this appeal. Like the Commission, the City of Cibolo's Police Officers who were involved in the background investigation of Arnulfo Cortez, Jr. ("Cortez") were equally statutorily restricted from using an 11-year-old deferred disposition, issued by a duly appointed Municipal Court Judge pursuant to Article 45.051 of the Texas Code of Criminal Procedure, to dispose of a Class C misdemeanor complaint against Cortez as a basis for disqualification from serving as a City of Cibolo Police Officer.

6. This decision directly affects key issues presented in the pending appeal. First, it confirms that a deferred disposition under Article 45.051 of the Texas Code of Criminal Procedure is legally distinct from deferred adjudication and does not constitute a conviction or grounds for a license cancellation.[7] Second, it supports the argument that the Commission's actions in disciplining the Officers or seeking to cancel Cortez's license were ultra vires and taken outside of the Commission's statutory authority, as Article 45.051(e) of the Texas Code of Criminal Procedure expressly prohibits use of the complaint "for any purpose."[8] These conclusions align precisely with arguments III through VIII in Appellants' Brief, respectively: that Sovereign Immunity Does Not Bar Appellants' UDJA Claims; Appellee's Immunity

---

[7] Proposal at 10–11; Reply Brief of Appellant at 17–18.
[8] Proposal at 12–13; Tex. Code Crim. Pro. Ann. art. 45.051(e).

Is Waived for Mandamus Claims; Appellee Misconstrues "Complaint"; Appellees Did Not Have the Authority to Discipline for Deferred Disposition; Request for Mandamus Relief Is not a Rule Challenge; and TCOLE Lacked Authority to Discipline For Background Checks.[9]

7.     Justice requires that Appellants supplement the appendix of Appellants' Reply Brief because oral argument in this case has not been scheduled, the filing of a supplemental authority will not delay the appeal, and the substantive arguments in the Reply Brief have not changed. The Proposal merely reinforces and further justifies the positions already briefed to the Court, particularly regarding the inapplicability of Article 45.051 of the Texas Code of Criminal Procedure, deferred dispositions, as a basis for disqualification or license cancellation. Additionally, the Proposal comes from a fully briefed contested case hearing in a companion matter with nearly identical factual and legal issues. Its conclusion directly supports the Appellants' position and squarely refutes the legal premise upon which the Commission bases its action. Supplementing the Appendix will not burden the parties or the Court. Therefore, Appellants seek to supplement the Appendix of Appellants' Reply Brief by including the Proposal for Decision.

---

[9] Proposal at 16–17, 20; Reply Brief of Appellant at 13–18.

## PRAYER

For these reasons, Appellants respectfully request that the Court grant this Motion and permit the supplementation of the appendix to Appellants' Reply Brief with the attached February 4, 2025, Proposal for Decision issued by the State Office of Administrative Hearings in *Texas Comm'n on Law Enforcement v. Cortez, Jr.* SOAH Docket No. 407-24-18289.

Dated: August 12, 2025

Respectfully submitted,

**HYDE KELLEY LLP**
2806 Flintrock Trace, Suite A104
Austin, Texas 78738
Telephone: (512) 686-0700
Facsimile: (866) 929-1641

*/s/ George E. Hyde*
GEORGE E. HYDE
Texas State Bar No. 45006157
ghyde@txlocalgovlaw.com
MATTHEW L. WESTON
Texas State Bar No. 24037698
mweston@txlocalgovlaw.com

**ATTORNEYS FOR APPELLANTS**

## CERTIFICATE OF CONFERENCE

Pursuant to Tex. R. App. P. 10.1(a)(5), I certify that I have conferred with opposing counsel in this case regarding this motion. Counsel for Appellees is opposed to this motion.

*/s/ George E. Hyde*
GEORGE E. HYDE

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on August 12, 2025, a true and correct copy of the forgoing document was served in accordance with the Texas Rules of Appellate Procedure upon the counsel of record in this cause via electronic service and email.

Lauren McGee                                        Lauren.mcgee@oag.texas.gov

Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-3203
**ATTORNEYS FOR APPELLEES**

*/s/ George E. Hyde*
GEORGE E. HYDE

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Victoria Wilhelm on behalf of George Hyde
Bar No. 45006157
vwilhelm@txlocalgovlaw.com
Envelope ID: 104260540
Filing Code Description: Motion
Filing Description: Motion For Leave to Supplement Appendix
Status as of 8/12/2025 11:25 AM CST

Associated Case Party: TEXAS COMMISSION ON LAW  ENFORCEMENT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jennifer Foster | | Jennifer.Foster@oag.texas.gov | 8/12/2025 11:17:51 AM | SENT |

Associated Case Party: City of Cibolo

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Victoria Wilhelm | | vwilhelm@txlocalgovlaw.com | 8/12/2025 11:17:51 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| George Hyde | 45006157 | ghyde@txlocalgovlaw.com | 8/12/2025 11:17:51 AM | SENT |
| Matthew Weston | 24037698 | mweston@txlocalgovlaw.com | 8/12/2025 11:17:51 AM | SENT |
| Lauren McGee | 24128835 | Lauren.mcgee@oag.texas.gov | 8/12/2025 11:17:51 AM | SENT |